CHOATE *v.* STARK.

Sureties, to be sufficient within the provisions of the Revised Statutes, chapter 184, section 23, must reside within the State; the statute giving the creditor remedy by *scire facias*, or debt, either of which, but for such residence, would be imperfect.

In an action against a sheriff for taking insufficient sureties, the plaintiff may recover for sums reasonably expended in endeavoring to avail himself of the bond taken. Such, however, are not poundage, or journeys to give notice to the sureties without the State, charged to him by the officer to whom he committed his execution, for the security of which such insufficient bond was taken.

CASE, against the late sheriff of Hillsborough, for default of his deputy.

The deputy sheriff attached property upon a writ in favor of the plaintiff, against J. Stowell, which, upon a proper application, was appraised agreeably to the statute, and delivered to Stowell, upon his bond to the sheriff to be answerable for the appraised value in the event of a judgment in favor of the plaintiff.

The sureties upon the bond were, at the time of its execution, residents at Boston, in Massachusetts. The court ruled that the sureties were, on this account, insufficient.

Choate *v.* Stark.

A verdict was taken, by consent, for $617.05, for the plaintiff, subject to the opinion of the court.

In this sum the following items were included, namely:

| Fees. — Service, | . | . | . | . | . | . | $ | .23 |
| Travel, | . | . | . | . | . | . | . | .25 |
| Poundage, | . | . | . | . | . | . | | 4.87 |
| Journey and expenses to and from Boston, to make demand of Galen Merriam, | | | | | . | . | . | 15.00 |
| | | | | | | | | $20.35 |

These sums are charged by the sheriff upon the execution in favor of Choate against Stowell, and it was agreed that if the court shall be of opinion that the plaintiff is not entitled to recover the same in this action, the verdict may be amended by the court, by striking out the same, or part thereof, with interest.

*Bell*, for the defendant, cited 1 Tidd's Pract. 194; 4 Burn. 25, 26; 1 Tidd's Pract. 230; 1 Wm. Blackst. 444; 42 Geo. 3; 1 Bac. Abr. 339; 3 Vin. Abr., F, 10; 9 Johns. Rep. 80; 12 Mass. 130; 5 Taunt. Rep. 225; 8 J. B. Moore 27; 5 N. H. Rep. 433.

*Farley & Fletcher*, for the plaintiff.

Woods, J. The defendant's deputy, having attached personal property on a writ brought at the suit of the plaintiff, undertook to dispose of it in conformity with the provisions of the statute, chap. 184, sec. 23, and, upon the proper construction of this, the determination of the case must depend. This section provides that the property shall be restored to the debtor, upon his giving a bond to the sheriff, "in sufficient penalty with sufficient sureties," conditioned to pay the appraised, or agreed value thereof, or so much as may be necessary towards the satisfaction of any executions for the payment of which the property, or its proceeds, are by law holden.

Choate *v.* Stark.

The sureties upon the bond which the deputy took in this case, resided without the State, and no other objection to their sufficiency is urged. Were such "sufficient sureties"?

We think that the requirements of the statute would not be reasonably satisfied, or the purposes intended by its provisions secured with reasonable certainty, if the sureties, in addition to being persons of sufficient property, were not also persons amenable to the process of the court, and capable of being charged in either of the forms of action provided in the statute.

By the 27th section of the chapter which has been cited, it is enacted that an attaching creditor, or his representative, may bring an action of *scire facias* on the bond, and by the 28th, that any person interested may bring an action of debt in the name of the sheriff, within the time limited by the statute.

The creditor, or his representative, is entitled to an action of *scire facias*, in his own name, upon the bond. This action he could not bring if the obligor were not within the jurisdiction, since none but personal service will suffice in such cases; and whether he has property in the State or not, is immaterial, as it regards the creditor's right to avail himself of that remedy.

We think that the statute ought to receive such a construction as will secure to the party whose rights it assumes to guard, all the remedies which it provides for him ; and it is not sufficient that one only of them, in an imperfect condition, is preserved to him. It is not sufficient that the bond taken by the officer is one upon which an action of debt may be maintained for the creditor's benefit, by attaching the property of the absent surety, and by perfecting the service by the tardy proceedings pointed out by law, by which such defendants are made parties.

Besides, property of an absent owner may easily be

removed, or it may be sold, and its avails removed to the domicil of its owner.

So, it may be urged in reply, may the residence of the party himself be changed, either for the purpose of avoiding process, or for causes disconnected with such a possible inducement for removal.

The removal from the State, of a settled inhabitant, is not indeed a wholly impossible contingency. But its probability cannot be compared with that of the collection of property here by a foreign owner, and the removal of it to his own domicil, whether for the general purposes of safety and enjoyment, or for the special purpose of withdrawing it from process.

Besides, nothing more can reasonably be required of an officer in such cases than is required in analogous cases; that is, that the sureties shall, at the time of the execution of the bond, be "sufficient," in the reasonable sense that should be affixed to that word.

The items charged by the officer who endeavored to collect the execution, and which are included in the verdict, ought to be rejected. Any reasonable costs to which the plaintiff may have been put by reason of the default of the defendant, might have been included in the verdict. Such would be reasonable sums, expended by the plaintiff in endeavoring to preserve his rights, and in endeavoring to avail himself, in legal form, of the provision to which he was entitled, and to test the sufficiency of the sureties which were taken in this case. Poundage, and journeys to Boston, are not charges of this description. Neither of those sums appears to have been expended in the course of necessary legal proceedings, which have proved fruitless by reason of the insufficiency of the bond which the officer took.

Deducting these sums, therefore, the plaintiff may have
*Judgment on the verdict.*